## ELLIOT v. RHYMES.

### No. 4629.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

George Wesley Smith, of Rayville, for appellant.

Joseph S. Guerriero, of Monroe, for appellee.

MILLS, Judge.

Plaintiff brings this suit for the use and benefit of his 15 year old son, Robert W. Elliot, demanding of defendant damages aggregating $4,940, for injuries, medical expenses, pain and suffering, loss of time from school, and the value of a demolished bicycle, resulting from a collision between the bicycle ridden by the boy and a car driven by defendant on South Second street in the city of Monroe. While termed a street, its condition was that of an ordinary paved country highway; that is, a paved strip of about 16 feet, flanked by graveled shoulders extending 3 feet on each side to a shallow ditch.

There is not a great deal of dispute as to the facts in the case, which are shown to be that: At about 5 o'clock on the afternoon of January 20, 1932, two farm wagons, so loaded with hay that the bales protruded beyond the wheels 2 feet on each side, were proceeding south on their right-hand side of South Second street. The Elliot boy and a companion named Jaggers were riding bicycles in the opposite direction on said street. Just before they met the approaching wagons, they cut over onto their left side of the paving to permit the passing of an automobile which was coming up behind them. After this car had passed, when about 15 or 20 feet ahead of the mules pulling the wagon, they cut back, at a moderate speed, onto their proper side of the paving, and had passed the first wagon and mules, the interval of 20 or 25 feet between the two wagons, and had reached a point opposite the rear of the mules hauling the second wagon when the accident occurred. Defendant was proceeding along South Second street behind the second hay wagon. He cut out to pass it, saw the approaching automobile which had passed the boys, and then cut back again behind the hay wagon to permit the car to pass. He testifies that the wagon itself was on its right-hand side of the road, but that the bales of hay projected over and beyond the center of the road. After the car had passed, he then, without again looking, cut out to his left from behind the hay wagon, and for the first time observed the boys ahead of him. In an effort to avoid striking them, he cut back to his right so sharply that his right front fender struck the left rear wheel of the wagon, the impact throwing his car angling across the road toward the boys, one of whom had jumped from his bicycle to a place of safety in the ditch. The other, plaintiff's son, who was on his right-hand edge of the paving, endeavoring to avoid a collision, caused his bicycle to skid out from under him so that it went under the front of the defendant's car, which struck the boy at about its left front headlight, knocking him to the ground. When the car was stopped, its front wheels were on the gravel to its left.

Defendant does not interpose a plea of contributory negligence, but alleges that this accident was entirely due to the fault of the Elliot boy in cutting over to his left-hand side of the road, where he was obscured by the hay wagons. The testimony shows that the boys, after cutting to their left, angled back toward their right-hand side of the road when about 15 or 20 feet ahead of the mules attached to the first wagon. That they traveled this distance, the length of the mules and first wagon, then 20 or 25 feet of space intervening between the two wagons, and had reached a point opposite the mules of the second wagon before the Elliot boy was struck. While it is true that they violated the provisions of the Traffic Act, Act No. 21 of 1932, when they abandoned their right-hand side of the road, we do not think this violation had anything to do with, or was the proximate cause of, the accident. They were back on their proper side in plenty of time to have been seen had defendant been keeping a proper lookout. We are satisfied that it was wholly due to the negligence of the defendant in cutting out from behind the hay wagon onto his wrong side of the road without looking ahead, and at such a speed that he could not avoid striking vehicles approaching from the north; that when he cut out from behind the wagon he negligently created the emergency which caused him to strike with his fender the rear wheel of the wagon, which deflected his car across the road into the Elliot boy, who was at the time riding along on his proper side of the road and in a place of safety.

For the above reasons we are satisfied that the judgment of the lower court, from which both parties have appealed, is correct in holding defendant liable, but we think the sum of $350 allowed as damages should be materially increased.

The boy suffered an injured shoulder—a green-stick fracture of the collar bone—a severely bruised hip, with possibly torn ligaments or bone injury, abrasions over the whole left side, with cuts below the knee and on the ankle. He experienced much pain, and could not sleep soundly for 2 or 3 weeks. Persistence of the pain and swelling in the shoulder led to the discovery, by X-ray, of the fracture 6 days after the accident. A collar bone splint was then applied and maintained for 6 weeks. During this period he could not dress himself. Though he had lost but little time from school up to the day of trial, a year after the accident, he had been prevented, by the soreness in his hip, from engaging in the usual schoolboy games and activities. His doctors' bills amounted to $125.

Considering the gravity and duration of the above injuries and suffering, the judgment appealed from is increased from $350 to $750, and, as amended, is affirmed.